OPINION
On December 13, 1994, appellee, Pamala Brewer, and her father, Elmer C. Brewer, were involved in an automobile accident caused by the negligence of Shane R. Welch and Daniel B. Steel (hereinafter "tortfeasors"). As a result of the accident, Mr. Brewer died and appellee sustained injuries.
At the time of the accident, Mr. Brewer was an insured with All America Insurance Company and appellee was an insured with appellant, American Express Assurance Company. Both policies carried uninsured/underinsured motorists coverage limits of $50,000 per person and $100,000 per occurrence. Appellee made a claim under her policy for the wrongful death of her father.
On April 8, 1996, appellee entered into a settlement agreement with the tortfeasors. A hearing was held on April 16, 1996 before the Fairfield County Probate Court to review the proposed settlement. The Probate Court approved the settlement and distribution of the settlement proceeds between the parties. Appellee and the Administrator of the Estate of Elmer C. Brewer both executed complete releases to all claims. Thereafter, appellant denied coverage to appellee claiming the releases were executed without appellant's knowledge or consent.
On November 18, 1996, appellee filed a complaint against appellant for breach of contract and declaratory relief. On November 10, 1997, appellant filed a motion for summary judgment. Appellee filed a cross-motion for summary judgment on December 23, 1997. By judgment entry filed February 19, 1997, the trial court granted appellee's cross-motion finding appellee was legally entitled to recover under her policy with appellant.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO PLAINTIFF WHEN THE RECORD DEMONSTRATES THAT A GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING PLAINTIFF'S FAILURE TO COMPLY WITH ALL OF THE TERMS AND CONDITIONS OF THE INSURANCE CONTRACT ISSUED BY DEFENDANT-APPELLANT, MORE SPECIFICALLY, PLAINTIFF'S BREACH OF HER DUTY TO COOPERATE.
II
 THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT WHERE UNCONTROVERTED EVIDENCE BEFORE THE COURT INDICATED THAT PLAINTIFF BREACHED THE TERMS AND CONDITIONS OF THE CONTRACT OF INSURANCE WITH THE DEFENDANT, THEREBY TERMINATING ANY OBLIGATION OF DEFENDANT TO PROVIDE UNDERINSURED MOTORIST BENEFITS.
 I, II
Appellant claims the trial court erred in denying its motion for summary judgment and in granting summary judgment to appellee. Appellant argues there are genuine issues of material fact and therefore summary judgment was inappropriate. However, appellant argues summary judgment should have been granted in its favor. We find these arguments to be inconsistent and disagree with both.
Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule has recently been reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins
(1996), 75 Ohio St.3d 447, 448:
 Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.
As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court.Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 GENUINE ISSUES OF FACT
We disagree there are material and genuine issues of fact in dispute. Both parties claim the right to have summary judgment granted in their favor thereby conceding the nonexistence of genuine issues of material fact. The undisputed facts are as follows:
 1. Appellee's uninsured/underinsured policy provides no coverage if a settlement is reached without "our" written consent. See, Exclusions under Coverage C of Part III.
 2. On December 27, 1994, appellee notified appellant a claim for benefits would be made. On January 12, 1995, appellant acknowledged receipt of said letter. See, Appellee's Brief at Exhibits F and G.
 3. On May 15, 1995, appellee made a claim under the policy. See, Appellee's Brief at Exhibit I.
 4. On October 3, 1995, appellees informed appellant's adjuster of proposed offers of settlement. See, Appellee's Brief at Exhibit K.
 5. On October 19, 1995, appellant's adjuster notified appellee her claim was untimely and requested notification of any probate hearings on the settlement of claims for Mr. Brewer's estate. See, Appellee's Brief at Exhibit C.
 6. On April 8, 1996, appellant's attorney requested notice of any probate hearings. See, Appellee's Brief at Exhibit D.
 7. On April 8, 1996, appellee settled with the tortfeasors for her proportionate share of the liability coverage available.
 8. On May 16, 1996, the probate court approved the offer and release agreements.
 9. Mr. Brewer's estate settled with All America for $46,000 relative to the claim for wrongful death damages sustained by the beneficiaries including appellee.
The sole issue is whether appellee breached her policy with appellant. This is not a factual issue but a legal issue.
 SUMMARY JUDGMENT ISSUE
The issue is whether the undisputed actions of the parties as cited supra constitute a breach of contract. Did the notifications of December 27, 1994, May 15, 1995 and October 3, 1995 fulfill appellee's obligation under the contract? We find that they did.
It is undisputed appellant never gave its written consent to the settlements reached by appellee. The available insurance coverage was as follows:
 1. One tortfeasor was insured with United Ohio Insurance Company with single limit liability coverage in the amount of $300,000.
 2. The other tortfeasor was insured with Progressive Insurance Company with policy limits of $12,500 per person and $25,000 per occurrence.
 3. Mr. Brewer was insured with All America Insurance Company with uninsured/underinsured policy limits of $50,000 per person and $100,000 per occurrence.
 4. Appellee was insured with appellant with uninsured/underinsured policy limits of $50,000 per person and $100,000 per occurrence.
The settlement agreements were as follows:
 1. United Ohio and Progressive settled with Mr. Brewer's estate in the amount of $4,000.
 2. United Ohio and Progressive settled with appellee for her injuries in the amount of $151,595.01.
 3. The remainder of the United Ohio and Progressive policies was split amongst the tortfeasors' passengers for their injuries.
We find the Supreme Court of Ohio's decision in McDonald v.Republic-Franklin Ins. Co. (1989), 45 Ohio St.3d 27, paragraphs two and three of the syllabus, to be controlling sub judice:
 2. When an insured has given his underinsurance carrier notice of a tentative settlement prior to release, and the insurer has had a reasonable opportunity to protect its subrogation rights by paying the underinsured motorist benefits before the release but does not do so, the release will not preclude recovery of underinsurance benefits. (Bogan v. Progressive Cas. Ins. Co. [1988], 36 Ohio St.3d 22, 521 N.E.2d 447, modified and explained.)
 3. The insurer's failure to respond, within a reasonable time, to notification by its insured of a settlement offer will operate to void a subrogation clause in the insurer's underinsured motorist provision.
The recovery of rights provision under Part VII of the policysub judice states as follows:
 In the event of a payment under this policy, we are entitled to all the rights of recovery that the person or organization to whom payment was made has against another. That person or organization must sign and deliver to us any legal papers relating to that recovery, do whatever else is necessary to help us
exercise those rights and do nothing after loss to harm our rights.
The recovery of rights provision in McDonald at 29-30 is strikingly similar although it did not require written assent:
 `(A) If we make a payment under this policy and the person to or for whom payment was made has a right to recover damages from another we shall be subrogated to that right. That person shall do:
 `1. Whatever is necessary to enable us to exercise our rights; and
`2. Nothing after loss to prejudice them.'
We find appellee did all that was within her power to notify appellant and keep appellant informed of the settlement proceedings. Appellee's failure to notify appellant of the probate court hearing was not a breach of her contract. The trial court did not err in granting summary judgment to appellee.
Assignments of Error I and II are denied.
The judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.
By Farmer, P.J., Hoffman, J. and Reader, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio is hereby affirmed.